**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **Sherline Felix,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No._____** |
| ) | **Jury Demanded** |
| **Corporate Chefs, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LAVOR STANDARDS ACT**

**COMES NOW** Plaintiff Sherline Felix (hereinafter, "Ms. Felix"), by and through

counsel, and for her Complaint against Defendant Corporate Chefs, LLC (hereinafter, "Corporate

Chefs" or "Defendant"), states and alleges as follows:

## NATURE OF THE COMPLAINT

1. Ms. Felix brings this action under federal law, specifically the Fair Labor Standards Act

   ("FLSA"), 29 U.S.C. § 201, et seq.

2. Ms. Felix brings this action against Corporate Chefs for unpaid overtime compensation,

   and other penalties and damages.

3. Corporate Chefs' practices were and are in direct violation of the Fair Labor Standards

   Act ("FLSA"), 29 U.S.C. § 201, et seq.

4. For said violations, Ms. Felix seeks declaratory relief; compensation for work hours for

   which she was unpaid or underpaid, including overtime premiums for all hours worked

1

Doc ID: 652e2a8f9f82000796a112f9db8e3c540e179f6a

over forty hours in a work week; liquidated damages and/or other damages as permitted

by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5.  Ms. Felix is an adult resident of Memphis, Shelby County, Tennessee.

6.  Upon information and belief, Corporate Chefs, LLC is a Massachusetts-based

    corporation, and may be reached for service through its registered agent, Corporate

    Creations Network, Inc., 205 Powell Place, Brentwood, TN 27027-7522.

## JURISDICTION AND VENUE

7.  This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311

    because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

8.  Defendant is a legal entity doing business in the state of Tennessee and has sufficient

    minimum contacts with the State such that it is subject to service of process in Tennessee.

    Therefore, this Court has personal jurisdiction over Defendant.

9.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part

    of the events giving rise to Ms. Felix's claims occurred in this District.

## FACTUAL BACKGROUND

10. Ms. Felix was employed by Corporate Chefs from February 1, 2018 through May 14,

    2021, in various positions.

11. In the latter period of her employment with Corporate Chefs, Ms. Felix held the position

    of Food Service Director.

12. As Food Service Director, Ms. Felix was paid a weekly rate of $800 per week, regardless

    of the number of hours worked.

13. As Food Service Director, Ms. Felix regularly worked in excess of 40 hours per week.

Doc ID: 652e2a8f9f82000796a112f9db8e3c540e179f6a

14. Ms. Felix's position as Food Service Director involved a panoply of duties, including ordering, dishwashing, cooking, operating the cash register, making bank deposits, and stocking.

15. She supervised four employees but did not determine their schedules or rates of pay.

16. She played no role in employee hiring or firing and her recommendations on hiring and firing were given no particular weight.

17. In fact, the few times she recommended a new hire, the person recommended was neither interviewed nor hired.

18. In contrast, on at least one occasion, a lower-level employee recommended that a particular person be hired and that person was, in fact hired.

19. Given Ms. Felix's work duties she was not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA.

20. Ms. Felix would often be called upon to run errands and make bank deposits outside of her normal 8 hour per day, Monday - Friday schedule.

21. She received no additional pay for the time spent performing these duties.

22. Occasionally, she would be called upon to cover for another employee, resulting in her working more than her 8-hour day.

23. In these unusual instances, she would be paid $20/hour for this time.

24. More frequently, she would be required to work on Saturday and/or Sunday, in addition to her normal 40 hour/week, Monday-Friday schedule. For this time, she would be paid $20/hour for all hours worked.

25. Corporate Chefs had the power to hire and fire Ms. Felix.

26. Corporate Chefs controlled the number of hours Ms. Felix worked.

Doc ID: 652e2a8f9f82000796a112f9db8e3c540e179f6a

27. Corporate Chefs failed and refused to pay Ms. Felix premiums for all hours worked over forty in any given workweek.

28. Corporate Chefs should have known Ms. Felix worked overtime hours for which she was not properly compensated.

29. Despite this knowledge, Corporate Chefs willfully failed to pay Ms. Felix overtime pay for every hour worked in a workweek.

## COUNT 1 VIOLATION OF THE FLSA

30. Ms. Felix realleges and incorporates all allegations above as if actually set forth herein.

31. At all relevant times, Corporate Chefs was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

32. At all relevant times. Corporate Chefs employed Ms. Felix.

33. At all relevant times, Corporate Chefs had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

34. The FLSA requires each covered employer, such as Corporate Chefs, to compensate all non-exempt employees for all hours worked at an hourly rate of not less than minimum wage and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a week.

35. Corporate Chefs willfully failed to pay Ms. Felix correct rate of pay for every overtime hour worked in a workweek throughout the time in which she was employed by Corporate Chefs.

36. As a result of Corporate Chef's failure to compensate Ms. Felix at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty

Doc ID: 652e2a8f9f82000796a112f9db8e3c540e179f6a

hours in a work week, Corporate Chefs has violated, and continues to violate, the FLSA, including 29 U.S.C. §§206(a)(1)(c) and 207(a)(2).

37. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## PRAYER FOR RELEIF

WHEREFORE, Ms. Felix prays for relief as follows:

1. A declaratory judgement that the practices complained of herein are unlawful under the FLSA;

2. Prejudgment interest, as provided by law

3. An award of money damages for unpaid overtime premiums, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees; and

5. Any further legal and equitable relief this court deems necessary, just, and proper.

Doc ID: 652e2a8f9f82000796a112f9db8e3c540e179f6a

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of actions and claims with respect to

which she has a right to jury trial.

Respectfully submitted,

s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7968 (voice)
901.737.7740(voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com
*Attorneys for Plaintiff*

Doc ID: 652e2a8f9f82000796a112f9db8e3c540e179f6a

## DECLARATION AND VERIFICATION

      I, **Sherline Felix**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____

**Sherline Felix**

Date: 06 / 30 / 2021 _____

7

 **HELLOSIGN**                                    Audit Trail

| | |
|---|---|
| **TITLE** | Felix - Complaint to review/verify |
| **FILE NAME** | Felix Complaint (to be verified).pdf |
| **DOCUMENT ID** | 652e2a8f9f82000796a112f9db8e3c540e179f6a |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**
**06 / 30 / 2021**
17:41:57 UTC-5

Sent for signature to Sherline Felix (f.sherline@yahoo.com)
from jlc@cronelawfirmplc.com
IP: 96.84.128.62

**VIEWED**
**06 / 30 / 2021**
18:17:51 UTC-5

Viewed by Sherline Felix (f.sherline@yahoo.com)
IP: 108.216.39.24

**SIGNED**
**06 / 30 / 2021**
18:22:49 UTC-5

Signed by Sherline Felix (f.sherline@yahoo.com)
IP: 108.216.39.24

**COMPLETED**
**06 / 30 / 2021**
18:22:49 UTC-5

The document has been completed.